165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sheila M. RHODES, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES of the University of Illinois at Champaign
Urbana, Defendant-Appellee.
 No. 98-2047.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998.*
Decided Nov. 24, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, Peoria Division. No. 96-CV-1375. Joe B. McDade, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Sheila Rhodes appeals the district court's denial of her motion requesting additional time in which to file objections to a magistrate judge's Report and Recommendation advising that her civil rights claims be dismissed because they were barred by the relevant statutes of limitations. Because the district court's decision cannot be considered an abuse of discretion, we affirm.
 
 Background
 
 2
 Sheila Rhodes filed suit against eight employees of the University of Illinois, in their individual capacities, asserting a number of civil rights claims arising out alleged incidents of sexual harassment, discrimination in hiring, retaliation, and conspiracy. After the district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, Rhodes amended her complaint to name only the University of Illinois as a defendant and to limit her causes of action to Title VII and Section 1981 claims.
 
 
 3
 Before Magistrate Judge Kaufman, to whom the case had been referred, the University of Illinois moved to dismiss Rhodes's claims as untimely. In a Report and Recommendation ("R & R") issued February 27, 1998, Judge Kaufman recommended that the motion should be granted. He concluded that Rhodes's amended complaint was not timely because it was not filed within the limitations periods for Title VII (ninety days from receipt of the right to sue letter) or Section 1981 (two years from the events under Illinois tort law) actions and did not relate back to the date of her original complaint under Federal Rule of Civil Procedure 15(c). He also determined that Rhodes had failed to exhaust her administrative remedies with respect to her hiring discrimination claim. The magistrate judge's order advised Rhodes that she had ten working days after service to object to the R & R, see 28 U.S.C. § 636(b)(1)(C) (1994) and Fed., R. Civ. P. 72(b), and that failure to do so would constitute a waiver of objections on appeal under Seventh Circuit precedent, see Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir.1995); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986).
 
 
 4
 On March 10, 1997, Rhodes filed a motion seeking an additional fifteen days to prepare her response. In a short minute order, dated March 13, Judge McDade denied this motion and clarified that Rhodes's response was due on March 18, accounting for weekends and three extra days because the order was mailed to her. On March 24, 1997, having not received any objections from Rhodes, Judge McDade adopted the R & R and specifically noted that he agreed with the magistrate judge's conclusions that Rhodes's claims were untimely and did not relate back.
 
 
 5
 Rhodes appeals the denial of her motion for additional time, so that she may object to the magistrate judge's Report and Recommendation.
 
 Analysis
 
 6
 Rhodes's request for additional time in which to file her objections appears to have been based on Federal Rule of Civil Procedure 6(b), which permits a court, in its discretion, to enlarge the period allowed for acts required to be done within a specified time. We review decisions under this rule for abuse of discretion. Smith on Behalf of Smith v. Severn, 129 F.3d 419, 424 (7th Cir.1997). "Under an abuse of discretion standard, the proper inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place, but rather, whether any reasonable person could agree with the district court." United States v. Magana, 118 F.3d 1173, 1183 (7th Cir.1997) (internal quotations omitted).
 
 
 7
 The Seventh Circuit has repeatedly emphasized the wide discretion district court judges enjoy in controlling their dockets, as well as the importance of enforcing deadlines. See Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir.1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided not hindered, by adherence to deadlines."); Reales v. Consolidated Rail Corp., 84 F.3d 993, 996 (7th Cir.1996) ("[Judges] are entitled--indeed they must--enforce deadlines. Necessarily, they must have substantial discretion as they manage their dockets."); Smith on Behalf of Smith v. Severn, 129 F.3d 419, 424-25 (7th Cir.1997) (quoting Spears ); Gonzalez v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1030 (7th Cir.1998) ("District Court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." (internal quotations omitted)). These cases demonstrate that an appellate court should ordinarily defer to a district court's rulings on motions for additional time.
 
 
 8
 Although this case does not involve an untimely request, repeated delays, or prior failures to meet deadlines, we cannot say that Judge McDade abused his discretion in enforcing the deadline. The fact that Rhodes is proceeding pro se does not change this conclusion. Pro se litigants are not exempt from the rules. Members v. Paige, 140 F.3d 699, 702 (7th Cir.1998). As long as the litigant is informed of the consequences of a failure to make a timely objection, a court may enforce the ten-day deadline provided to object to a magistrate judge's ruling. Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir.1989). Rhodes was fully informed of the deadline and the consequences of missing it. Accordingly, we cannot say that Judge McDade abused his discretion in denying the request for an extension.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)