**BATTEAST CONSTRUCTION COMPANY INC.,**
Plaintiff,

v.

**HENRY COUNTY BOARD OF COMMIS-SIONERS, RQAW Corporation, Project Management Services Inc., Defendants.**

No. IP 00–C–1229–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 23, 2000.

William T. Enslen, Enslen Enslen and Matthews, Hammond, IN.

Stanley E. Niew, Niew and Associates, Oak Brook, IL.

Terrill D. Albright, Baker & Daniels, Indianapolis, IN.

Thomas J. Brunner, Baker & Daniels, Southbend, IN.

Philip D. Burroughs, Cremer Miller & Burroughs, Indianapolis, IN.

Ronald J. Semler, Stephenson Daly Morow & Kurnik, Indianapolis, IN.

*ENTRY GRANTING MOTION FOR LEAVE TO FILE JURY DEMAND AND FOR DESIGNATION OF TRIAL AS JURY TRIAL*

BARKER, Chief Judge.

Plaintiff Batteast Construction Company, Inc. ("BCC") filed a complaint against Defendants Henry County Board of Commissioners ("Henry County"), RQAW Corporation ("RQAW") and Project Management Services, Inc. ("Management Services") alleging violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) in the awarding of a contract for a government construction project in New Castle, Indiana. The complaint was filed on February 22, 2000 and contained no demand for a jury trial. Defendants' answers were filed on or before April 17, 2000, and none of the answers included a demand for a jury trial. On July 3, 2000, Defendant RQAW, on behalf of itself and the other defendants, filed a Motion for Designation of Trial as Bench Trial. Plaintiff responded by filing a Motion for Leave to File Jury Demand and for Designation of Trial as Jury Trial ("Plaintiff's Motion") on July 21, 2000. Defendant

RQAW has responded to Plaintiff's latest filing with Defendant RQAW Corporation's (1) Response to Plaintiff's Motion for Leave to File Jury Demand and for Designation of Trial as Jury Trial and (2) Reply in Support of Motion for Designation of Trial as Bench Trial ("Defendant's Response and Reply"). For the reasons set forth below, Defendant's Motion for Designation of Trial as Bench Trial is *DENIED,* and Plaintiff's Motion for Leave to File Jury Demand and for Designation of Trial as Jury Trial is *GRANTED.*

### Analysis

The normal procedure for demanding a trial by jury is set forth in Federal Rule of Civil Procedure 38(b). This provision states that:

> Any party may demand a trial by jury of any issue triable of right by a jury by ... serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Fed.R.Civ.P. 38(b). Based on this standard procedure for demanding a jury trial, Plaintiff should have filed its jury demand no later than May 1, 2000. Instead, BCC's first filing to mention a jury trial was its Motion for Leave to File Jury Demand filed on July 21, 2000, almost three months after the deadline.

Plaintiff's hope of a jury trial is not lost, however, because the Federal Rules of Civil Procedure provide also for the possibility of untimely jury demands. Rule 39(b) states that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." In exercising discretion, "the district court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy." *Members v. Paige,* 140 F.3d 699, 703–704 (7th Cir.1998) (internal quotation omitted). As a guide to inquiry, other district courts in the Seventh Circuit have considered five factors. *See, e.g., Advertising to Women, Inc. v.* *Gianni Versace S.p.A.,* 1999 WL 717906, at *3 (N.D.Ill. Aug.9, 1999). They are:

> (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the moving party's tardiness in demanding a jury trial.

*Id.* The first factor weighs in favor of permitting a jury trial to BCC. This is a discrimination case in which credibility determinations are crucial to the verdict. The Seventh Circuit has stated that "juries have the duty to determine the credibility of witnesses." *Spiller v. Brady,* 169 F.3d 1064, 1067 (7th Cir.1999). Second, while a trial date has been set, it is almost a year away on September 10, 2001, so there is no reason to think that the schedules of the court or of Defendants will be disrupted by the jury demand.

In addressing the third factor in its response, RQAW contends that it "has believed this case to be leading to a bench trial since it was filed and has proceeded accordingly in its strategy, discovery and motion practice; RQAW will suffer real prejudice if the plaintiff's untimely request is allowed." Defendant's Response and Reply at 3–4. We are unconvinced by this argument. Defendant has provided the Court no examples of how it would have conducted the litigation differently had it expected a jury trial, and we decline to speculate about possible strategic maneuvers in RQAW's defense plan. *See Advertising to Women,* 1999 WL 717906, at *4 ("Defendant's argument that they conducted discovery in a significantly different manner based upon their belief that a trial in this case would be a bench trial is pure speculation and conjecture.").

Neither is the length of delay in submitting a jury demand excessive. BCC missed the deadline by less than three months. *See Lawyer v. 84 Lumber Co.,* 1997 WL 24748 at *2 (N.D.Ill. Jan.17, 1997) (nine month delay in filing jury demand "not one that is so long that a late jury demand should not be considered."); *Lawyer v. 84 Lumber Co.,* 1997 WL 24748 (granting leave to file jury demand after 11 months had passed since the filing of the amended complaint). As to the fifth

factor, Plaintiff states that the delay in filing "arises out of a change in the developments of the litigation since the action was first initiated." Plaintiff's Motion, ¶ 11. This comment is not much of an explanation, but the balancing of all five factors weighs in favor of permitting the jury demand.

### Conclusion

Plaintiff's Motion for Leave to File Jury Demand and for Designation of Trial as Jury Trial is *GRANTED*. Defendant's Motion for Designation of Trial as Bench Trial is *DENIED*.