In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1171

Bobby J. Anderson,

Plaintiff-Appellant,

v.

Alfred Hardman, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 7282--Wayne R. Andersen, Judge.

Submitted November 22, 2000--Decided February 23, 2001/*

Before Flaum, Chief Judge, and Ripple and Rovner,
Circuit Judges.

Rovner, Circuit Judge.  Illinois inmate Bobby
Anderson filed a pro se civil rights suit under
42 U.S.C. sec. 1983, alleging that various state
and federal correctional officers conspired to
have him "unlawfully detained" in federal custody
from 1986 to 1989 on the basis of a "falsified
indictment." The district court dismissed
Anderson's complaint under 28 U.S.C. sec.
1915A(b)(1) for failure to state a federal claim,
and Anderson appeals.

Mindful that pro se pleadings are held to less
exacting standards than those prepared by counsel
and are to be liberally construed, Haines v.
Kerner, 404 U.S. 519 (1972) (per curiam);
McCormick v. City of Chicago, 230 F.3d 319, 325
(7th Cir. 2000), the district court extensively
analyzed Anderson's complaint under a variety of
theories before concluding that it failed to
state a federal claim. We too construe pro se
filings liberally, Whitford v. Boglino, 63 F.3d
527, 535 n.10 (7th Cir. 1995) (per curiam), but
still we must be able to discern cogent arguments
in any appellate brief, even one from a pro se
litigant. Rule 28 of the Federal Rules of
Appellate Procedure so requires--a brief must
contain an argument consisting of more than a
generalized assertion of error, with citations to
supporting authority. Fed. R. App. P.

28(a)(9)(A); Mathis v. New York Life Ins. Co., 133 F.3d 546, 548 (7th Cir. 1998) (per curiam); United States ex rel. Verdone v. Circuit Court, 73 F.3d 669, 673 (7th Cir. 1995) (per curiam). Yet Anderson offers no articulable basis for disturbing the district court's judgment. Instead, he simply repeats certain allegations of his complaint and cites one irrelevant case.

We are cognizant of the unique challenges facing pro se litigants and are generally disposed toward providing a litigant the benefit of appellate review. But we must also insist on compliance with procedural rules such as Rule 28 to promote our interest in the uniform administration of justice. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[I]n the long run, experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (internal quotations and citation omitted)); Members v. Paige, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Rule 28 applies equally to pro se litigants, and when a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research, see Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990). Indeed, we have previously warned that pro se litigants should expect that noncompliance with Rule 28 will result in dismissal of the appeal. McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984). Anderson points us to no error, and we see no obvious errors. The appeal is therefore

DISMISSED.

/* The appellees notified this court that they were not served with process in the district court and would not be participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. Fed. R. App. P. 34(a)(2).