**Laura BARR–CARR, Plaintiff–
Appellant,**

v.

**Renee KALINOWSKI, et al.,
Defendants–Appellees.**

No. 01–1125.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 20, 2001.

Before Hon. COFFEY, Hon. KANNE,
and Hon. DIANE P. WOOD, Circuit
Judges.

ORDER

Laura Barr–Carr and Michael Bogdan
sued the City of Chicago and several po-
lice officers under 42 U.S.C. § 1983, alleg-
ing that the police officers violated Barr–
Carr's and Bogdan's Fourth and Four-
teenth Amendment rights by using exces-
sive force when arresting them for imper-
sonating police officers. Barr–Carr and
Bogdan also asserted various state-law
claims against the City, the officers, the
owner of a Citgo service station, and a
Citgo employee. The parties consented

to proceed before a magistrate judge.
Magistrate Judge Arlander Keys dis-
missed Bogdan's complaint for want of
prosecution; he also dismissed Barr–
Carr's complaint and ordered her to pay
the defendants' costs and attorneys' fees
as a sanction under Federal Rule of Civil
Procedure 11. Magistrate Judge Keys
concluded that Barr–Carr brought this lit-
igation for an improper purpose–to harass
the City and to fraudulently obtain a
money judgment–after finding that she
had concocted her claims and then at-
tempted to support them by manufactur-
ing evidence and repeatedly suborning
perjury. Barr–Carr appeals, and we dis-
miss her appeal for noncompliance with
Federal Rule of Appellate Procedure
28(a)(9).

Rule 28(a)(9)(A) specifies that an appel-
lant's brief must contain the appellant's
"contentions and the reasons for them,
with citations to the authorities and parts
of the record on which the appellant re-
lies." Barr–Carr's brief fails to comply
with Rule 28(a)(9); it contains no compre-
hensible argument and no citations to au-
thority or to the record.[1] Barr–Carr fails
even to mention the magistrate judge's
order, except to say that "[t]his litigation
and the horrific incidents were not con-
cocted and brought before the court for an
improper purpose." This bald assertion
tells us nothing about why Barr–Carr
thinks the magistrate judge erred.

Although we construe pro se filings like
Barr–Carr's liberally, even pro se litigants
are expected to include legal argument and
some supporting authority in their briefs.
*Anderson v. Hardman,* 241 F.3d 544, 545

* After an examination of the briefs and the record, we have concluded that oral argu-ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

[1]. We also note that Barr–Carr's brief lacks a jurisdictional statement, *see* Fed. R.App. P. 28(a)(4); Cir. R. 28(a), and does not include a copy of the magistrate judge's order from which she appeals, *see* Fed. R.App. P. 30(a)(1)(c); Cir. R. 30(a).

(7th Cir.2001); *see also Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Litigants like Barr–Carr who fail to make legal arguments supported by authority forfeit appellate review of their claims, *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1997), and "should expect that noncompliance with Rule 28 will result in dismissal of the appeal," *Anderson*, 241 F.3d at 545–46 (citing *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir.1984)).

DISMISSED.