**LYONS PARTNERSHIP, L.P.,**
Plaintiff–Appellee,

v.

**Pamela HOLMES, d.b.a. Pamela's Razz Pizzazz Defendant–Appellant.**

No. 01–3640.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 2002.[*]

Decided April 18, 2002.

Rehearing Denied June 20, 2002.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**230**

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Lyons Partnership, owner of the intellectual property rights to the dinosaur characters featured in the children's television series "Barney and Friends," sued costume shop owner Pamela Henry (formerly Pamela Holmes) for renting and performing in costumes that infringed on its copyrights. The district court defaulted Henry on the issue of liability and, after a bench trial on damages, found that Henry had willfully infringed Lyons's copyrights with respect to the characters "Barney" and "Baby Bop" and awarded statutory damages of $22,500 for each work as well as $55,543 in attorney's fees and $2,100 in costs. Henry appeals.

■ Henry first challenges the district court's decision to sanction her discovery misconduct by entering a default on liability and precluding her from defending against an award of statutory damages by introducing evidence that she was already using her own "purple dinosaur" costume when Lyons registered its Barney character. Henry's prior use, if established, would have prevented Lyons from recovering statutory damages and attorney's fees, *see* 17 U.S.C. § 412; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir.1996), but the district court found the prior use theory to be at odds with Henry's discovery responses. Lyons had served Henry with detailed discovery requests describing Barney as "a purple, highly stylized 'Tyrannosaurus Rex' type dinosaur character" and requesting information on all potentially infringing "puta-

tive Barney" costumes, which the interrogatory defined as

any adult size character costume which may resemble, imitate or bear a likeness to Barney®, including but not limited to costumes manufactured by National Discount Costumes, Inc., Mask U.S., Inc., Heads Above the Rest, Inc. and Alinco Costumes, Inc.... "Putative Barney" shall also refer to any purple, magenta, violet or similarly-colored adult-sized costume resembling or imitating a dinosaur, hippopotamus, dragon, reptile, alligator, or similar creature, and/or referred to by any name, including but not limited to "Purple Dino," "Purple Dinosaur," "Hillary the Hippo," "Purple Hippo," "Duffy the Dragon," "Purple Alligator," "Dino," "Purple Gator" or "Purple Monster."

Lyons served similar requests pertaining to "Baby Bop," its green dinosaur character, and included color photographs of genuine Barney and Baby Bop costumes and of infringing "knock-off" costumes.

In her pro se responses to Lyons's requests, Henry repeatedly denied ever owning or renting "putative Barney" or "putative Baby Bop" costumes, but in "supplemental" responses Henry filed nearly a year later, with the assistance of an attorney, she maintained that she possessed a purple dinosaur costume and a green dinosaur costume as early as 1984 but that these costumes were outside the scope of Lyons's requests.

Lyons moved to strike the supplemental responses and for the imposition of sanctions, and the magistrate judge to whom the motion was referred concluded that sanctions were appropriate:

.... There is no way to characterize [Henry's] initial discovery responses but "dishonest" and that dishonesty was willful–who better than the defendant

herself would know about the existence of costumes that were responsive to the requests. The only interpretation possible is that she was attempting to defend herself by lying to the plaintiff. Even now, she attempts to argue that there was no lie, but the record speaks much louder than her protestations.... The "supplements" are not supplements; they are a complete recantation of earlier answers–at a later date when it suits her purpose.

I find that the defendant has been willfully dishonest. I can conceive of no sanction less than default that will not in some fashion reward defendant for her willful misrepresentation of the facts underlying this dispute, so I further find that default would be an appropriate sanction.

The district court agreed and adopted the magistrate judge's recommendation, noting that "default is the only appropriate sanction" and that Henry had "willfully misrepresented facts to the Court and [the] Defendant." When Lyons later sought statutory damages, the court decided to preclude Henry from introducing evidence of prior use because of her "past misconduct" and "willful dishonesty":

Repeatedly, Defendant denied having any costume and failed to produce any documents in response to Plaintiff's discovery requests. Throughout this litigation Defendant asserted facts that could only lead to the conclusion that use prior to registration did not exist. This Court will not allow Defendant in the eleventh hour to assert that she had such costumes when it is now favorable for her to do so.

.... [W]here Defendant's manipulation of discovery would hinder Plaintiff's ability to prove that it is entitled to statutory damages and attorney fees,

the Court will not allow Defendant to prevent recovery.

Henry contests both the district court's conclusion that her misconduct was willful and the court's choice of sanctions. She first contends that her initial discovery responses were the result not of bad faith but an honest mistake; she insists that she misunderstood the term "putative" in Lyons's discovery requests. But Henry concedes that she knew "putative" meant "supposed," and in any event the discovery requests themselves defined the term. Moreover, the district judge who heard testimony from Henry believed that she was not confused but merely dissembling. Henry has not shown this conclusion to be clearly erroneous. *See, e.g., In re Golant,* 239 F.3d 931, 936 (7th Cir.2001) (district court's finding that party against whom discovery sanctions are imposed displayed willfulness, bad faith, or fault is reviewed for clear error). Indeed, her admission in her reply brief that she also has five purple hippopotamus costumes and one pink dinosaur costume seems to suggest that even her supplemental discovery responses failed to disclose all costumes covered by Lyons's requests.

■ Henry next suggests that the sanctions were disproportionate to the prejudice Lyons suffered, noting that in her answer she alerted Lyons to the existence of a "purple dinosaur" costume no longer in her possession and that Lyons eventually was able to inspect the costume in the hands of a third party. But Henry does not assert that Lyons's ability to obtain discovery relating to her *green* dinosaur costume was unaffected, and we are not convinced that the district court's choice of sanction was fundamentally wrong. *See, e.g., Johnson v. J.B. Hunt Transp., Inc.,* 280 F.3d 1125, 1130–31 (7th Cir.2002) (reviewing exclusion of testimony as discovery sanction for abuse of discretion); *Go-*

*lant,* 239 F.3d at 937 (showing that court abused its discretion in choice of sanction is an "uphill battle").

■ Finally, Henry suggests that the district court abused its discretion in denying her belated oral request for a jury trial on damages. Federal Rule of Civil Procedure 38 provides that failure to file and serve a jury demand within ten days after service of the last pleading constitutes a waiver of the right to a jury trial, and the Rule applies equally to pro se litigants. *See* Fed.R.Civ.P. 38(b), (d); *Members v. Paige,* 140 F.3d 699, 701–02 (7th Cir.1998). Passage of the deadline gives rise to a presumption against a jury trial, *see Members,* 140 F.3d at 703–04; Henry's request came more than a year and a half late, and she does not claim to have offered the district court any explanation for the delay. In any event we cannot review the issue because Henry has failed to provide a record of the telephonic status hearing during which her motion was made and denied. Contrary to Henry's suggestion, the court was not required to transcribe the hearing, *see* 28 U.S.C. § 753(b), but the absence of a transcript does not necessarily prevent review, *see United States v. Nolan,* 910 F.2d 1553, 1560 (7th Cir.1996). Henry could have reconstructed the record of the hearing under Federal Rule of Appellate Procedure 10(c) but did not, and we will not assume that the district judge afforded her belated jury trial request anything less than the "thoughtful exercise of discretion" required. *See Members,* 140 F.3d at 703.

AFFIRMED.