Order
The bankruptcy Trustee for Consolidated Industries has filed an adversary action against Enodis Corp., Welbilt Holding Co., Marion Antonini, and Daniel Yih (collectively, the defendants). After several rounds of amendment, the complaint presents about a dozen claims. The court determined that the defendants have forfeited their right to a jury trial on all but two of these by failing to ask for a withdrawal of the reference to a bankruptcy judge at the same time as they made their jury demand. See N.D. Ind. Local Rule 200.1(c)(2)(a).
With respect to the two claims on which the reference-withdrawal motion and jury demand was simultaneous, District Judge Sharp has granted summary judgment for the Trustee. With respect to the remaining claims for relief, a nonjury trial is scheduled to begin on Monday, February 3, 2003, before Bankruptcy Judge Grant. Defendants have filed a notice of appeal from the district judge’s decision and sought a writ of mandamus that would compel the court to hold a jury trial on the remaining claims. The Trustee asks us to dismiss the appeals and to deny the request for mandamus.
The appeals are not from final decisions, see 28 U.S.C. §§ 158(d), 1291, and must be dismissed. The adversary action contains multiple claims, most of which remain pending; the decision therefore is not final and may not be appealed in the absence of a partial final decision under Fed.R.Civ.P. 54(b), which has not been entered (and which, as far as we can see, would not be appropriate).
Defendants’ premise is that by resolving two claims in light of the jury demand, the district judge “cleaved adversary proceeding number 99-4022 into two separate cases in two separate courts.” Yet the district court did not formally sever the proceeding, and the absence of such an order means that there is only one adversary action. Bankruptcy Judge Grant and District Judge Sharp do not serve in “separate courts”; “In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court”. 28 U.S.C. § 151 (emphasis added). Bankruptcy judges lack tenure under Article III and could not be a separate court; that’s why they are treated as part of the district court, why all of their decisions are renewable as of right by district judges, and why some districts (including the Northern District of Indiana) reserve jury trials to the Article III judges. The rule that gave rise to this dispute, N.D. Ind. Local Rule 200.1(c)(2)(a), governs pleading before bankruptcy judges but was issued by the district court, through its Article III judges. So there is just one adversary proceeding, in one court, and it is ongoing.
As for mandamus: The request is denied for the reasons given in First National Bank of Waukesha v. Warren, 796 F.2d 999 (7th Cir.1986). If holding a *267 bench trial is erroneous, that mistake can be corrected by appeal.
Before proceeding with the bench trial, however, the district court may want to give close attention to a question that it has so far not addressed: whether N.D. Ind. Local Rule 200.1(c)(2)(a) is compatible with the national rules. Local rules must be consistent with national rules. See Fed.R.Civ.P. 83(a)(1); Fed. R. Bankr.P. 9029(a)(1). Both sets of national rules provide, moreover, that district courts may not enforce any local requirements of form in a way that causes parties to lose rights on account of unintentional noncompliance. See Fed.R.Civ.P. 83(a)(2); Fed. R. BankrJP. 9029(a)(2). Deeming a constitutional right forfeited because parties did not comply with local requirements that cannot be found in the national rules, and that are at least arguably incompatible with them, raises serious questions under both subdivisions. Bankruptcy Rule 9015(a) incorporates into bankruptcy practice all provisions of Fed.R.Civ.P. 38 and 39; and it is apparently agreed among these parties that defendants did everything that is required to make an effective jury demand under Rule 38(b). For the bankruptcy court to refuse nonetheless to hold a jury trial, on the basis of a problematic local rule, is to jeopardize the parties’ investments in this litigation and create a risk that the case must be retried. The court may wish to consider whether this is prudent given the caution in Rule 38(a) that “The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.” Cf. Members v. Paige, 140 F.3d 699 (7th Cir.1998) (discussing the appropriate use of discretion under Rule 39(b)). Perhaps empaneling an advisory jury, for those claims “at common law,” would be one way to avoid any need to retry the case if it ultimately is determined that a jury is essential.
The appeals are dismissed for want of jurisdiction and the request for mandamus is denied.