NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015[*]
Decided April 8, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-3877

| | |
|---|---|
| ERIC L. TOLONEN, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-cv-782-bbc |
| RICHARD HEIDORN, et al., <br> *Defendants-Appellees.* | Barbara B. Crabb, <br> *Judge.* |

**O R D E R**

Eric Tolonen, now 32, has suffered from cystic acne since entering the Wisconsin prison system at age 20. In this lawsuit under 42 U.S.C. § 1983, Tolonen principally claimed that the defendants—two treating doctors and two healthcare administrators—had shown deliberate indifference to his acne by refusing to authorize a

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

consultation with a dermatologist. The district court granted summary judgment for the defendants, and Tolonen appeals. We affirm the judgment.

Department of Corrections medical staff, including defendant physicians Richard Heidorn and Kenneth Adler, had treated Tolonen's skin conditions (he also has seborrheic dermatitis, though acne is the focus of his suit) more than 40 times from 2003 through 2013. Doctors tried more than two dozen oral or topical medications, including isotretinoin (first marketed as Accutane); antibiotics in the sulfa, tetracycline, macrolide, and cephalosporin families; benzoyl peroxide; and antiseptic soaps. These medication choices tracked the prevailing guidelines of the American Academy of Dermatology for treating acne. *See* John S. Strauss, M.D., et al., *Guidelines of care for acne vulgaris management*, 56(4) J. AM. ACAD. DERMATOLOGY 651 (2007), *available at* https://www.aad.org/education/clinical-guidelines (new guidelines forthcoming in May 2015). Dr. Adler even cultured Tolonen's acne to identify the best antibiotic. But Tolonen believed all of these treatments were ineffective, and the defendants declined his several requests to see a dermatologist.

At summary judgment the defendants argued that Tolonen simply had disagreed with their treatment choices and, anyway, he did not have a serious medical need. The defendants submitted affidavits from Drs. Heidorn and Adler, along with Tolonen's medical records. Heidorn explained that acne is incurable, is difficult to treat, and often is managed through trial and error. Drugs sometimes take weeks to become effective, he continued, and skin may appear to be worse before getting better. Even with improvement, Heidorn said, flare-ups are common. The doctor added that he had not sent Tolonen to a dermatologist because, despite the plaintiff's flare-ups, his condition wasn't worsening and other treatments remained untried. Moreover, Heidorn noted, Tolonen in early 2005 had become "absolutely obsessed" with his acne and then in late 2006 had unilaterally stopped using all prescribed topical remedies. Dr. Adler recounted a similar experience. Tolonen's acne had not been worsening, Adler said, but Tolonen did experience numerous flare-ups, possibly because he failed to take medications as prescribed. Tolonen's medical records, Adler said, document frequent noncompliance with medications from 2008 on.

Tolonen twice obtained more time for discovery before filing his opposition to the defendants' motion for summary judgment. When he did respond he offered only his personal opinion that Drs. Heidorn and Adler had used him as a "lab rat" to experiment with different, but ineffective, drugs instead of sending him to a dermatologist. And, he asserted, Heidorn should have taken a culture sooner than he did. Tolonen admitted,

though, that he had not taken his prescribed medications as directed and, in fact, had discontinued them entirely because he deemed them ineffective.

Weeks later, while the matter was under advisement before the district court, Tolonen moved for a continuance, citing former Federal Rule of Civil Procedure 56(f) (now Rule 56(d)). Tolonen explained that he had been focused on opposing the defendants' motion for summary judgment and now wanted to conduct more discovery, in particular by serving the defendants with interrogatories asking if he suffers from a serious medical need and whether they were continuing to pursue ineffective treatment. The district court denied that motion, reasoning that Tolonon's questions not only were untimely but were answered by the defendants' motion for summary judgment.

In the same order, the district court granted summary judgment for the defendants. The court assumed that Tolonen's acne is a serious medical need but concluded that a jury could not reasonably find that the defendants had been deliberately indifferent to that condition. It is undisputed, the court explained, "that trial and error is often the only way to find effective acne medications," that Tolonen's medical records document years of persistent efforts to identify the best mix of medications for him, that some of those medications had probably failed because of Tolonen's refusal to cooperate, and that other options still remained. In contrast, the court added, Tolonen had not submitted expert medical testimony supporting his accusations that the defendants had prescribed ineffective medications and failed to follow the appropriate standard of care.

Tolonen's appellate challenge to the grant of summary judgment lacks merit. As far as we can tell, he insists that the defendants must have been deliberately indifferent because his acne has not cleared entirely. This will not do. What's missing is *evidence* calling into question the defendants' treatment choices; Tolonen's belief that he did not receive adequate care amounts to no more than a refusal to accept the professional judgment of his treating physicians. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010); *Johnson v. Doughty,* 433 F.3d 1001, 1012–13 (7th Cir. 2006). Pro se litigants are not exempt from procedural rules, *Members v. Paige,* 140 F.3d 699, 702–03 (7th Cir. 1998); *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994), and Tolonen's conjecture about how best to treat acne could not establish material issues of fact requiring a trial. *See Winsley v. Cook Cnty.*, 563 F.3d 598, 605 (7th Cir. 2009); *Karazanos v. Navistar Int'l Transp. Corp.,* 948 F.2d 332, 337–38 (7th Cir. 1991). As the district court correctly noted, Tolonen's lay opinion is not evidence that the defendants' treatment decisions were such a "substantial departure from accepted professional judgment, practice, or standards as to demonstrate

that the person responsible did not base the decision on such a judgment." *Estate of Cole v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996); *see Johnson*, 433 F.3d at 1022–23.

Tolonen insists, however, that the district court should have withheld ruling on the defendants' motion for summary judgment until he could serve interrogatories asking the defendants if he has a serious medical need and whether they had persisted with ineffective treatment. But the time for discovery was past, and, regardless, the defendants already had submitted affidavit testimony that Tolonen's acne and dermatitis are not "serious medical needs" and that the treatment he received followed the accepted standard of care. An opposing party's hope that more discovery will entice an adverse witness to "contradict an earlier statement or volunteer an admission" is not a valid reason for seeking to stall decision on a pending motion for summary judgment. *United States v. On Leong Chinese Merchs. Ass'n Bldg.*, 918 F.2d 1289, 1294 (7th Cir. 1990); *see Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885–86 (7th Cir. 2005).

Finally, Tolonen contends that the district court erred in refusing to recruit counsel. This lawsuit, he says, is complex, and a lawyer would have had a better chance at securing an expert to testify on his behalf. A district court may enlist counsel to assist a plaintiff with complex litigation, *see Henderson v. Ghosh*, 755 F.3d 559, 566 (7th Cir. 2014), but the district court reasonably concluded that Tolonen had filed well-written submissions and appeared competent to present his case without the assistance of an attorney, *see Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). And to the extent that Tolonen argues that he needed an attorney to assist him in securing an expert witness, as best we can tell, he never told the district court that he had tried but failed to secure an expert on his own. Even now Tolonen does not show that he made a substantial effort to secure an expert; he merely asserts, without any support in the record, that he wrote to several dermatologists who never responded to him. Accordingly, we cannot conclude that the district court abused its discretion.

AFFIRMED.