In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1614

NORA CHAIB,

*Plaintiff-Appellant*,

*v.*

THE GEO GROUP, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 13-cv-318 — **Tanya Walton Pratt**, *Judge*.

ARGUED JANUARY 12, 2016 — DECIDED APRIL 6, 2016

Before BAUER and HAMILTON, *Circuit Judges*, and
PETERSON, *District Judge*.*

PETERSON, *District Judge*. Nora Chaib worked for The GEO
Group, Inc., a private company that managed a correctional
facility for the State of Indiana. She was fired for "unbecoming
conduct" because she improperly extended her medical leave

---

* Of the Western District of Wisconsin, sitting by designation.

following a workplace injury. Chaib sued GEO Group under Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging discrimination on the basis of sex, race, and national origin, and retaliation for her reports of workplace discrimination. Chaib also alleged, under Indiana law, that GEO Group had retaliated against her for filing a workers' compensation claim.

The district court granted summary judgment in favor of GEO Group, concluding that Chaib had failed to present evidence of discrimination or retaliation sufficient to support a reasonable jury verdict. We affirm.

## BACKGROUND

GEO Group provides private correctional and detention management services to government agencies. GEO Group operated the Short Term Offender Program facility in Plainfield, Indiana, where Chaib began working in August 2011, first as a correctional officer and later as an Assistant Safety Manager. Between October 2011 and February 2012, Chaib filed multiple complaints of racism and harassment in the workplace with GEO Group's human resources department and with her supervisor, Superintendent David Burch. Chaib accused various co-workers of making racist comments and insulting and mistreating her.

Chaib was injured at work on March 6, 2012, when a remotely operated metal gate struck her in the forehead. Chaib complained of a headache, blurred vision, nausea, and dizziness with vomiting. Later that day, Chaib saw a doctor at GEO Group's workers' compensation provider and then got a CAT scan at a local hospital. She had suffered a concussion. She was placed off work for the next day. Over the next few weeks,

Chaib visited the doctor at least four more times, complaining of various symptoms and reporting that she felt no improvement. The doctor assessed her each time, and each time he extended her physical restrictions and her time off work.

During those few weeks of doctor visits and extensions of Chaib's leave, GEO Group's Director of Claims Management, Cathy Chiarello, became suspicious that Chaib was malingering. She directed GEO Group's workers' compensation administrator to surveil Chaib. Investigators videotaped Chaib driving her car and running errands around town. GEO Group sent the videos to a neurologist whom Chaib was scheduled to visit, ahead of the appointment and without Chaib's knowledge. After the appointment, based on the videos and based on her examination of Chaib, the neurologist opined to GEO Group that Chaib was not impaired and was likely malingering. Chiarello sent the videos to employees in GEO Group's human resources department, who forwarded them to Superintendent Burch.

Chaib returned to work after six weeks, on April 17, 2012. The next day, Superintendent Burch confronted Chaib about her activities, placed her on administrative leave, and recommended that Chaib be fired for falsifying records related to her workers' compensation claim. GEO Group rejected that recommendation. Burch revised the termination recommendation to a more general charge of "unbecoming conduct" based on the same underlying events. GEO Group accepted the revised recommendation and, on June 14, 2012, fired Chaib.

## ANALYSIS

We review the district court's grant of summary judgment in favor of GEO Group de novo and construe the facts in the light most favorable to Chaib as the non-moving party. *Rahn v. Bd. of Trs. of N. Ill. Univ.*, 803 F.3d 285, 287 (7th Cir. 2015). Summary judgment is appropriate if there is no genuine dispute of material fact and GEO Group is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Before turning to the heart of Chaib's argument, we address her contention that the district court erred by not requiring GEO Group, as the moving party, to present the facts in the light most favorable to Chaib. Chaib has confused the obligation of the moving party with that of the court. The court, of course, must view the record in the light most favorable to the non-moving party and give the benefit of reasonable inferences to the non-moving party. *See, e.g.*, *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). Counsel preparing an effective motion for summary judgment will bear this principle in mind, of course. Misrepresenting the record or ignoring evidence favorable to the opponent to claim a fact is undisputed can quickly undermine the persuasive force of a motion. *See Malin v. Hospira, Inc.*, 762 F.3d 552, 564–65 (7th Cir. 2014). But the idea that a district court would deny an otherwise well-founded motion for summary judgment because the moving party did not present the facts in a manner favorable to the opposition would be unworkable and waste a great deal of time and money. Neither the local rules of the Southern District of Indiana nor our precedents require the district court to take such action.

Chaib also appeals the order overruling her objections to the protective order, which accorded "confidential" status to

the GEO Group staffing plans for the Plainfield facility. The district court overruled Chaib's objections to the protective order as moot when it granted GEO Group's motion for summary judgment and dismissed Chaib's case. Chaib's arguments on appeal are conclusory and underdeveloped, and she fails to show any error by the district court. In light of our determination that Chaib was terminated for non-discriminatory reasons related to her own conduct, the staffing levels at Plainfield are immaterial and any dispute about those levels was indeed moot.

We turn now to the main issue on appeal: Chaib's discrimination claim. Chaib alleged discrimination based on her sex, race, and national origin. In the district court, the parties disputed whether Chaib was entitled to bring a claim of race discrimination. But we need not reach that issue on appeal because we conclude that Chaib has failed to adduce evidence of discrimination on any basis. Chaib has abandoned her retaliation claims on appeal,[1] so the question before us is whether Chaib has adduced evidence sufficient to prove that GEO Group discriminated against her.

To prevail, Chaib must show that a reasonable jury could find that GEO Group unlawfully discriminated against her. *Simpson v. Beaver Dam Cmty. Hosps., Inc.*, 780 F.3d 784, 790 (7th Cir. 2015). The direct method and the indirect method offer two common approaches. *Tank v. T-Mobile USA, Inc.*, 758 F.3d

---

[1] Chaib does not address her retaliation claims in her briefing. We will consider them waived. *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (citation and internal quotation marks omitted)). Had Chaib articulated her retaliation claims, our analysis and the result of this case would be the same.

800, 805 (7th Cir. 2014). Under the direct method, Chaib may present either direct or circumstantial evidence of discrimination. *Id.* Under the indirect method, Chaib would use the burden-shifting framework articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973).

Chaib attempted to use both methods: she argues that she presented sufficient circumstantial evidence under the direct method, and she invoked the burden-shifting framework. But because Chaib cannot show that her termination was motivated by discriminatory animus under either approach, GEO Group is entitled to judgment as a matter of law. *Id.* at 789 ("Summary judgment may be appropriate if the plaintiff fails to produce evidence of a motive or intent that would support [her] position." (citation and internal quotation marks omitted)).

## A. Chaib's showing under the direct method

Chaib does not offer any direct evidence that GEO Group admitted to discriminating against her. For circumstantial evidence of discrimination, Chaib relies exclusively on the incidents that took place between October 2011 and February 2012, in which she accused co-workers of making racist comments to her and harassing her. For Chaib to prevail, these incidents must paint a "convincing mosaic of circumstantial evidence" sufficient to permit a jury to infer that discrimination motivated her termination. *Anderson v. Donahoe*, 699 F.3d 989, 996 (7th Cir. 2012). Chaib focuses particularly on the conduct of Lieutenant Davis (whom Chaib accuses of numerous threatening, harassing, and racist actions) and the posting of a racially offensive comment on her workplace computer (which Chaib contends GEO Group did not adequately investigate).

But even assuming that these disturbing incidents happened exactly as Chaib alleges, they were unrelated to the events and investigation that led to GEO Group's decision to fire Chaib. *Gorence v. Eagle Food Ctrs., Inc.*, 242 F.3d 759, 762 (7th Cir. 2001) ("[E]vidence of inappropriate remarks not shown to be directly related to the employment decision may not support a direct-method-of-proof case."). There is no evidence that Lieutenant Davis participated in GEO Group's decision to fire Chaib. Without some connection between the offensive conduct that Chaib described and the termination decision, no reasonable jury could make the requisite inference that she was fired for discriminatory reasons. Chaib's direct-method argument fails.

### B. Chaib's showing under the indirect method

To prove discrimination under the indirect method, Chaib must make a prima facie case with evidence that: (1) she is a member of a protected class; (2) she met GEO Group's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of the protected class were treated more favorably. *Perez v. Thorntons, Inc.*, 731 F.3d 699, 704 (7th Cir. 2013). If Chaib can establish a prima facie case, then the burden shifts to GEO Group to give a legitimate, nondiscriminatory reason for firing her. *Id.* If GEO Group does so, then the burden shifts back to Chaib to offer evidence that GEO Group's reason is mere pretext for unlawful discrimination. *Id.*

Chaib cannot make a prima facie case of discrimination. Even if she were within a protected class, and assuming that termination is an adverse employment action, Chaib fails to satisfy the remaining two requirements. First, she cannot

show that she was meeting GEO Group's legitimate job ex-
pectations because her undisputed conduct was inconsistent
with her statements about the extent of her post-injury im-
pairments, which GEO Group determined was "unbecoming
conduct" under its employee conduct standards. Second,
Chaib has tried, but failed to identify any other employees
who were fairly comparable and were treated more favorably
than she was. Therefore, she fails to make a prima facie case
of discrimination.

But even if Chaib could make out a prima facie case, she
cannot show that GEO Group's stated reason for firing her—
unbecoming conduct—was a pretext for unlawful discrimina-
tion. *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 561 (7th Cir.
2004) ("Pretext is more than a mistake on the part of the em-
ployer; it is a phony excuse."). The information that GEO
Group collected supported its conclusion that Chaib was ex-
aggerating her impairment, conduct that GEO Group reason-
ably categorized as "unbecoming" and a sufficient basis for
termination. Chaib has adduced no evidence to suggest that
GEO Group did not sincerely believe that Chaib had exagger-
ated her impairment and had taken advantage of her workers'
compensation claim. Nor has she adduced evidence to sug-
gest that GEO Group did not fire her based on its sincerely
held belief.

Chaib does not dispute that she was driving and running
errands as captured on video, while claiming to be incapable
of "normal activity including minimal exertion." She does not
dispute that the neurologist who examined her opined to
GEO Group that Chaib was malingering. She does not allege
that any of the people who made the decision to fire her har-
bored bias against her. Instead, she argues that the district

court overlooked the significance of her previous complaints of racism in the workplace. But the employees involved in those incidents were not the people who made the decision to fire her, nor were they involved in GEO Group's investigation leading up to the termination decision.

Because Chaib has not presented sufficient evidence for a reasonable jury to find that GEO Group terminated Chaib for discriminatory reasons, GEO Group is entitled to judgment as a matter of law. The district court correctly granted summary judgment, and its decision is AFFIRMED.