In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1818

MICHAEL HUGHES,

*Plaintiff-Appellant,*

*v.*

JAMES DIMAS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:15-cv-04163-JES — **James E. Shadid**, *Chief Judge.*

SUBMITTED JUNE 24, 2016 — DECIDED SEPTEMBER 19, 2016

Before WOOD, *Chief Judge*, and POSNER and ROVNER, *Circuit Judges.*

POSNER, *Circuit Judge.* An Illinois state court ruled that Michael Hughes was a sexually violent person who suffers from a mental disorder that creates a substantial risk that unless confined he is apt to commit further sexual violence. And so the court ordered him to be civilly committed, pursuant to the state's Sexually Violent Persons Commitment Act, 725 ILCS 207/1–99, in the Rushville Treatment and De-

tention Facility, a state facility where he is to remain "for control, care and treatment" until he "is no longer a sexually violent person." See *id*. 207/40. In this suit under 42 U.S.C. § 1983, Hughes claims that the state has improperly curtailed his liberty, in violation of the Fourteenth Amendment, by employing staff at Rushville who are unable to provide him with the care and treatment without which he'll never be eligible for release. Because the Department of Human Services, which operates Rushville, has contracted with Liberty Healthcare Corporation to provide sex-offender treatment to detainees there, Hughes names as defendants Liberty Healthcare along with eleven persons, including James Dimas, the Secretary of the Department of Human Services, Rushville's clinical director, and five therapists employed by the facility.

The Supreme Court has suggested that a civilly committed sex offender is constitutionally entitled to "immediate release upon a showing that [he] is no longer dangerous or mentally impaired." *Kansas v. Hendricks*, 521 U.S. 346, 368–69 (1997); see also *Allen v. Illinois*, 478 U.S. 364, 369–74 (1986). But who is to make that showing? Illinois allows only persons licensed under the Sex Offender Evaluation and Treatment Provider Act to treat Rushville's civil detainees and determine whether and when they've improved to the point where they can be released without danger to the public. 225 ILCS 109/40; 725 ILCS 207/55(a)–(b). The Act imposes civil and criminal penalties on unlicensed persons who attempt to provide sex-offender treatment. 225 ILCS 109/90, 160.

The district judge dismissed Hughes' complaint primarily on the grounds that the Constitution doesn't require

Rushville to comply with state statutes and that anyway a state statute is not enforceable in federal court. But this reasoning misconceives the basis of the suit. As indicated in the cases cited earlier, the Supreme Court understands the Fourteenth Amendment to require that civil detainees receive treatment for the disorders that led to their confinement and be released when they've improved enough no longer to be dangerous. Illinois has decided to permit only persons licensed under the state's Sex Offender Evaluation and Treatment Provider Act to make that evaluation. 225 ILCS 109/40; 725 ILCS 207/55(a)–(b). That decision can be understood as a response to doubts increasingly raised about the constitutional adequacy of the treatment provided to civilly detained sex offenders. See Lucy Massopust & Raina Borrelli, "'A Perfect Storm': Minnesota's Sex Offender Program—More Than Twenty Years Without Successful Reintegration," 41 *William Mitchell Law Review* 706 (2015); Douglas G. Smith, "The Constitutionality of Civil Commitment and the Requirement of Adequate Treatment," 49 *Boston College Law Review* 1383 (2008); *Karsjens v. Jesson*, 109 F. Supp. 3d 1139, 1172 (D. Minn. 2015). But the bare record of the district court proceeding leaves unresolved whether Rushville is providing the plaintiff (and other persons detained at the facility) with treatment by licensed professionals who alone have the authority to determine the detainees' right to be released. We note for example that Liberty Healthcare Corporation, which furnishes the clinical treatment personnel at Rushville, does not require that all of them be licensed. See Liberty Healthcare Corporation, "Counselor—sex offender treatment program," www.glassdoor.com/job-listing/counselor-sex-offender-treatment-program-liberty-healthcare-JV_IC11 28554_KO0,40_KE41,59.htm?jl=1942076790 (visited Sept. 16,

2016). The suit having been dismissed prematurely, the judgment of the district court is

REVERSED AND REMANDED.