NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 12, 2016[*]
Decided December 13, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3502

| | |
|---|---|
| PIERRE Q. PULLINS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:14-cv-0300-DKL-TWP |
| AMAZON.COM.INDC, LLC, *Defendant-Appellee.* | Denise K. LaRue, *Magistrate Judge*. |

**O R D E R**

After three unheeded warnings about poor performance led to his discharge, Pierre Pullins sued his employer, a subsidiary of Amazon.com, Inc., under Title VII. He claims that Amazon fired him in retaliation for filing charges with the Equal Employment Opportunity Commission. The district court denied Pullins's untimely motion to amend his complaint to add new claims and granted Amazon summary

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

judgment. Because Pullins presented insufficient evidence of retaliation and the district court reasonably denied the belated amendment, we affirm.

Unless otherwise noted, the facts are undisputed and presented in the light most favorable to Pullins, the party opposing summary judgment. *See Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 849 (7th Cir. 2015). Amazon hired Pullins to pack boxes to fill orders at its warehouse in Plainfield, Indiana, where he received training in Amazon's productivity policy. The policy provides that employees who fail to meet Amazon's productivity goals will receive progressive discipline, possibly culminating in discharge after three written warnings. Pullins later transferred to Amazon's Indianapolis warehouse. During his first six weeks there, he did not meet Amazon's performance expectations. Supervisors issued Pullins his first written warning and coached him on how he could be more productive. Soon after, though, Amazon gave Pullins a second warning for continuing not to meet its productivity goals.

Upon receiving the first warning, Pullins filed a charge with the EEOC. As amended after he received his second warning, he charged that Amazon had discriminated against him based on his age, race, and gender and retaliated against him for filing the first charge. After it issued Pullins's second warning, Amazon learned of the two charges when Pullins demanded half a million dollars to settle the charges. Amazon rejected the demand. The EEOC later issued Pullins a right-to-sue letter, finding no violation.

Amazon continued to retrain Pullins while the EEOC investigated his charges, but Pullins still underperformed. Amazon gave Pullins his final warning two weeks after he received his right-to-sue letter. Although Amazon's personnel policy provided that Pullins could be fired once he received his final warning, Amazon retained him for seven more weeks while it investigated an internal complaint. Pullins's work briefly improved during this time, but after three more weeks of decreased productivity, Amazon fired him. Pullins appealed his discharge internally, but a panel of management and peer employees voted to affirm his discharge.

Pullins sued Amazon, contending that it had retaliated against him for filing charges with the EEOC. *See* 42 U.S.C. § 2000e-3(a). Two important rulings followed. First, the district court denied Pullins's request to amend his complaint. Pullins wanted to add new claims against Amazon, its law firm, and its insurer, but he did not submit his proposed amendment to the court. The judge gave him more time to file the

amendment, but Pullins did not submit anything until four weeks after the deadline, so the court denied leave to amend. It explained that Pullins's excuse for his delay (he said that he had misread the deadline) was unreasonable, and the new allegations involved facts that he knew when he filed his original complaint. The second ruling was summary judgment. The district court granted Amazon summary judgment because it concluded that the undisputed facts established that Pullins was fired for not meeting Amazon's productivity expectations, not for filing EEOC charges.

On appeal Pullins begins by challenging the grant of summary judgment. He advances two reasons why he believes that the record supports a finding that Amazon fired him in retaliation for filing his EEOC charges. The first is based on timing: Amazon issued its third warning after he had demanded settlement and received his right-to-sue letter; Amazon maintained his employment for seven weeks after his third warning, suggesting that his performance was good enough; and Amazon used the seven-week delay to conceal its retaliatory motive. Second, he points to a supposedly comparable worker, Naima Garcia, whom an Amazon contractor had fired for poor performance but later rehired.

Pullins has not presented a triable question of retaliation. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The district court analyzed Pullins's claims through the dual lenses of direct and indirect methods of proof, an approach that we abandoned in *Ortiz*. *Id.* But the district court's approach does not affect our review, which is *de novo*. *Lord v. High Voltage Software, Inc.*, No. 13-3788, 2016 WL 5795797, at *2, *4 (7th Cir. Oct. 5, 2016).

Pullins has not identified any evidence reasonably suggesting that Amazon fired him for a reason other than his performance. *See Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 342 (7th Cir. 2016). To begin, he does not contest that his productivity fell shy of Amazon's high demands, and inadequate performance is a legitimate ground for discharge. *See Boss v. Castro*, 816 F.3d 910, 919 (7th Cir. 2016). Instead, he believes that the timing of his third warning, coming after he filed charges, and the seven-week delay before his discharge both suggest that retaliation motivated Amazon's termination of his employment. But timing alone is almost never sufficient to justify a trial about retaliation. *See Ripberger v. Corizon, Inc.*, 773 F.3d 871, 883 (7th Cir. 2014). Moreover, Amazon issued its warnings and discharged Pullins according to the disciplinary progression specified by its personnel policies. Compliance with internal policies undermines speculation about retaliation. *See Parkins v. Civil Constructors of Ill., Inc.*, 163

F.3d 1027, 1039 (7th Cir. 1998). Finally, although Amazon gave Pullins a chance after his third warning to see if he could improve his inadequate performance, this opportunity does not suggest that he achieved Amazon's performance goals.

Pullins replies that Garcia's rehiring is evidence that his discharge was retaliatory. But Pullins and Garcia were not similarly situated employees because a private contractor employed Garcia, not Amazon, and Pullins did not reapply to Amazon. These differences in supervision and conduct prevent a meaningful comparison between Garcia and Pullins. *See Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 202–03 (7th Cir. 2013). And even if Pullins and Garcia were similarly situated, they received the same treatment because they were both fired for poor performance.

The final issue is Pullins's motion to amend his complaint. Pullins argues that the district court erred in denying his motion to file an amended complaint even though he missed the court's deadline. He explains that he did not know a local court rule that allowed the district court to extend deadlines if the parties and court agree or for good cause. *See* S.D. Ind. L.R. 16-1(e). But the district court did not abuse its discretion in denying Pullins's motion because even pro se litigants are expected to know, use, and follow the rules. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). In any event, Pullins does not dispute that his proposed amendment contains only allegations of facts that he knew when he filed his original complaint. Accordingly the district court properly denied the amendment for that reason as well. *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993).

AFFIRMED.