**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017[*]
Decided March 17, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-1565

| | |
|---|---|
| RICHARD SMEGO, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 13-CV-3154 |
| | |
| JOSEPH HANKINS and | Colin S. Bruce, |
| SANDRA SIMPSON, | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Richard Smego, a civil detainee at the Rushville Treatment and Detention Facility in Illinois, appeals from the grant of summary judgment for two members of the staff who, he claims, violated the First Amendment by ignoring his grievances as punishment for past grievances and lawsuits. *See* 42 U.S.C. § 1983. We agree with the district court

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

that a reasonable jury could not find for Smego on this record, and thus we affirm the judgment.

We recount the facts in the light most favorable to Smego, the opponent of summary judgment. *See Gekas v. Vasiliades*, 814 F.3d 890, 893 (7th Cir. 2016). At the center of this lawsuit are five grievances submitted at Rushville during the eight years Smego was litigating a claim of deliberate indifference to his dental needs. *See Smego v. Mitchell*, 645 F. App'x 523 (7th Cir. 2016) (upholding jury verdict for defendant dentist).

Three of those grievances, all concerning Smego's dental records, were submitted in April and May 2011. The first two were submitted together and accused healthcare aides of doctoring Smego's medical records to make it appear they were present the entire time for a March 2011 dental appointment and during that visit Smego never complained of dental pain. Smego wanted the two aides to meet with him and explain their statements. The facility's Grievance Examiner, defendant Sandra Simpson, knew about Smego's pending lawsuit and surmised that these grievances were a ploy to interview the two aides as potential witnesses for the suit. She deemed the two grievances to be "not grievable" and passed them to defendant Joseph Hankins, another administrator who sometimes handles grievances. He told Smego that the grievances would not be heard or the aides interviewed. Smego replied that he wanted this exchange documented so he could "go somewhere with this thing," prompting Hankins to toss the grievances at Smego and say he wouldn't let him "drag us into your litigation."

The third grievance, submitted in May 2011, was intended for Rushville's director. Smego said the dentist he was suing had altered his medical records and written false affidavits to support those changes. He demanded that this dentist and anyone associated with her not be allowed to treat him in the future. Once again Simpson, the Grievance Examiner, deemed Smego's submission "not grievable." She reasoned that, while Smego could refuse medical care, she could not recommend that the facility's only dentist be precluded from treating him if necessary. Hankins spoke to Smego again and repeated that he would not let Smego "drag them into" his litigation.

Over a year later, in October 2012, Smego submitted the fourth grievance after a staff member confiscated a Netflix DVD and returned it to the company. This time Simpson addressed Smego's complaint, explaining in writing that the staff member had thought the show—Star Trek: Deep Space Nine—was not allowed. In the future, Simpson added, staff members would alert residents before returning DVDs. At some

point, Smego also spoke with Hankins, who said he would not accept Smego's paperwork about the issue and tossed it toward a trash bin. But Hankins did promise to tell the staff member to let Smego have the Star Trek series. He did that, but months later when Smego wrote him complaining of similar confiscations, Hankins returned the certified letter unopened. Afterward when the two passed in a hall, Hankins said he did not care if the issue was resolved.

Finally, in December 2012, Smego submitted a grievance opposing a proposed roommate assignment. He said the resident, who was large and intimidating, was sexually aggressive and previously had propositioned him for sex. Simpson labeled this submission "not grievable," recommending in writing that Smego consult his therapist because "future" room assignments are not grievable. Simpson, mirroring Hankins, also told Smego later that she would not allow him "to drag us into this litigation." In the end, the other resident was never placed with Smego.

In his complaint Smego contended that the responses he received from Simpson and Hankins to these five grievances were retaliatory and infringed his First Amendment right to file lawsuits and other grievances. But to prevail on this claim, Smego would have to show, at a minimum, that the defendants' actions were serious enough to deter future protected speech. *See Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012); *Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). The district court reasoned that Smego's evidence misses this threshold, and we agree.

Contrary to Smego's assertion, Simpson and Hankins did not ignore his grievances; they simply responded differently than he wished. *Cf. Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (positing that grievance examiner might face liability for routinely shredding grievances without reading them). And the defendants' responses did not injure Smego. *See Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) (explaining that injury is necessary for tort to be actionable, and that it "would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise"). Indeed, the defendants did nothing to deter his future grievances and lawsuits—since the events in this case, Smego has filed seven lawsuits in the Central District of Illinois (Nos. 13-cv-3068, 13-cv-3167, 15-cv-3159, 15-cv-4057, 15-cv-4097, 16-cv-4058, and 16-cv-4261). *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (noting that inmate's "invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances").

Smego contends, however, that the defendants' actions endangered his health and his litigation. He contends that their handling of the grievances related to his dental records caused him years of unnecessary pain. But in those grievances he did not complain about pain or a lack of medical care; he wished only to confront staff about alleged falsifications in his medical records. Smego also argues that, because three of the five grievances were handled informally rather than logged, he was prevented from exhausting his administrative remedies and creating a record for his lawsuits. But Smego's dental lawsuit was not barred for failure to exhaust—that case went to trial. *See Smego*, 645 F. App'x at 524. And, regardless, if exhaustion is necessary for Rushville detainees, *see Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004), that requirement would be excused if a prisoner is prevented from using a facility's grievance system, *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). The defendants were not required to help Smego strengthen his lawsuits. *See Burks*, 555 F.3d at 595 (observing that a grievance examiner is not an ombudsman).

Finally, Smego argues that his speech is more easily chilled because he is a civil detainee suffering from a mental disorder. He cites *Hughes v. Scott*, 816 F.3d 955 (7th Cir. 2016), for the proposition that he should not be required to show adverse action that would deter a person of "ordinary firmness." But even if that is true in the abstract, in this case Smego did not suffer *any* adverse action. As we have said, he simply complains that he did not receive the relief he demanded in his grievances.

We have reviewed Smego's remaining contentions, and none requires further discussion. In particular, Smego's assertions about other incidents and Rushville policies that do not involve Simpson and Hankins are irrelevant to this appeal. Accordingly, the judgment is AFFIRMED.