**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2017[*]
Decided May 26, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1708

| | |
|---|---|
| JEREMY SCHLOSS, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-3029 |
| AIMEE WILCZYNSKI, et al., <br>     *Defendants-Appellees*. | Colin S. Bruce, <br> *Judge*. |

**O R D E R**

Jeremy Schloss, a civil detainee at the Treatment and Detention Facility in Rushville, Illinois, raises two claims in this civil-rights action. First he contends that his mental-health therapy is unconstitutionally deficient. Second he argues that his custodians assigned him a new roommate in retaliation for his objections to his therapy. The district court ruled that the first claim is barred by *Heck v. Humphrey*, 512 U.S. 477

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

(1994), and that a reasonable jury could not find for Schloss on his retaliation claim. We agree with the district court that Schloss cannot proceed on either claim and thus affirm.

We recount the facts in the light most favorable to Schloss, the nonmoving party. See *Chaib v. GEO Grp., Inc.*, 819 F.3d 337, 340 (7th Cir. 2016). Schloss has been adjudicated a "sexually violent person." He pleaded guilty to aggravated sexual abuse of his now ex-wife in 2005, and he has been in some form of state custody ever since. He initially was sentenced to six months in jail and three years' probation, but he was resentenced to an additional seven years' imprisonment after he violated probation by calling his ex-wife from jail. In July 2008, the day before he was set to be released early from prison for good behavior, the state petitioned for Schloss to be adjudicated a sexually violent person under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1–99. The Act authorizes the civil commitment of a person convicted of a sexually violent offense if a jury finds that the person has a mental disorder making it "substantially probable" that he will engage in future acts of sexual violence. See 725 ILCS 207/5(f), 207/40. In its petition the state said that Schloss recently had been diagnosed with paraphilia (abnormal sexual desires) involving sexual attraction to non-consenting females, alcohol abuse, and anti-social personality disorder. A state court determined in August 2008 that there was probable cause to detain Schloss through his commitment proceedings. For reasons that are unexplained in the record, those proceedings did not occur until March 2013, nearly five years later.

During his time at Rushville, professionals have offered Schloss group therapy to treat his mental disorders. In November 2008 he consented to participate in Rushville's "core sex offender treatment," which involved acknowledging his deviant behavior to a group. But after a year and a half of treatment, he withdrew his consent because, he says, he felt discomfort when his fellow group members and clinical staff pressured him to disclose that he committed and fantasized about acts of sexual violence. Schloss agreed to return to therapy around January 2012, but he was told that he would need to wait for a spot in a group to open up. (He declined a chance to participate in a mindfulness group while he waited.) Eight months later Schloss again withdrew his consent to treatment after his primary therapist presented him with a plan that outlined goals for Schloss to achieve in the next year. Schloss refused to sign the document because he thought that the plan did not reflect his current mental state and that the proposed treatment had nothing to do with the mental disorders from which the state said that he suffered.

About a week after Schloss objected to the treatment plan, he was assigned a new roommate—his seventh in four years. Schloss says that the new roommate was a "sexual deviant" with poor hygiene and "no communication skills." Schloss believes that his therapists orchestrated this unfavorable change to punish him for objecting to the treatment plan. He lived with this roommate for about 15 months.

This lawsuit followed a few months after the roommate assignment. The district court construed it as stating two principal claims: (1) a deliberate-indifference claim against therapists and Rushville-associated administrators for offering Schloss sex-offender treatment, and (2) a First Amendment claim against two therapists for retaliating against him with an unfavorable roommate because of his complaints about the treatment plan. Schloss sought damages and an order enjoining the defendants from offering their treatment plan. A month after Schloss filed his suit, a state jury determined that he is sexually violent and ordered him committed "until such time as [he] is no longer a sexually violent person." Schloss appealed that decision unsuccessfully in state court. See *In re Commitment of Schloss*, No. 2-13-0658, 2014 WL 5822912 (Ill. App. Ct. Nov. 10, 2014), *appeal denied* 32 N.E.3d 673 (Ill. 2015). He currently is challenging the validity of his commitment in federal habeas-corpus proceedings. See *Schloss v. Scott*, No. 1:16-cv-03164 (N.D. Ill. filed Mar. 11, 2016).

The defendants moved for summary judgment, which the district court granted. The court reasoned that Schloss's objection to the treatment that the defendants have offered him conflicts with the state-court's ruling that he is sexually violent, and thus that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his deliberate-indifference claim. As for the retaliation claim, the court explained that a reasonable jury could not find in Schloss's favor for two reasons. First, Schloss conceded that the two therapists were not members of the committee responsible for roommate assignments. Second, Schloss presented insufficient evidence from which a jury could conclude that the assignment caused him a serious enough deprivation to deter First Amendment activity.

In this court, Schloss first challenges the grant of summary judgment on his claim of deliberate indifference. Because Schloss is a civil detainee, this claim is derived from the Fourteenth Amendment's due process clause, but the protection afforded him is "functionally indistinguishable" from that guaranteed to prisoners under the Eighth Amendment's ban on cruel and unusual punishment. *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). In order to prevail, the plaintiff must show that the defendants

deliberately ignored the plaintiff's serious medical needs. See *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc).

Although we agree with the grant of summary judgment on this claim of deliberate indifference, we do not agree with the district court that *Heck* bars it. In *Heck* the Supreme Court held that if an award of damages to a state prisoner under 42 U.S.C. § 1983 "would necessarily imply the invalidity of his conviction or sentence," he may not pursue such a claim "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 487, 489; see *Haywood v. Hathaway*, 842 F.3d 1026, 1029 (7th Cir. 2016). Schloss argues that if, as a state court has decided, he *is* a sexually violent person deserving mental-health treatment, the defendants are not providing him with constitutionally proper care. *Heck* does not bar such a claim. See *Hughes v. Dimas*, 837 F.3d 807, 808 (7th Cir. 2016) (recognizing that detainee at Rushville could challenge adequacy of his treatment). The problem for Schloss is that he presented no evidence to support that claim. To the contrary, he conceded in his summary-judgment response that "the sex-offender specific mental health treatment offered at Rushville TDF is a scientifically recognized and widely accepted and used method for providing health treatment to sex offenders in the United States."

We also agree with the grant of summary judgment on Schloss's claim that two therapists violated the First Amendment by assigning him a new roommate. First, Schloss did not present evidence that the two therapists he blames for assigning him the new roommate were responsible for doing so. Neither therapist served on the relevant committee at Rushville, and Schloss never explained how he could "know for a fact" that they had a "very deep hand in assigning people roommates." His claim also fails because Schloss presented no evidence other than the timing of the decision from which a reasonable jury could conclude the assignment was aimed to punish him for complaining about treatment. See *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Timing alone almost never suffices to create a triable claim of unlawful retaliation. See *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008). Schloss appears to dislike rooming with a sex offender, but all of the detainees at Rushville are sex offenders, Schloss included.

We have considered Schloss's remaining arguments, and none merits discussion.

AFFIRMED.