**Richard M. SMEGO, Plaintiff-Appellant,**

v.

**Gregg SCOTT, et al., Defendants-Appellees.**

No. 16-3721

United States Court of Appeals, Seventh Circuit.

Submitted August 18, 2017 *

Decided August 18, 2017

Richard M. Smego, Pro Se

Aaron Talen Dozeman, Attorney, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendants-Appellees

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Before FRANK H. EASTERBROOK, Circuit Judge ILANA DIAMOND ROVNER, Circuit Judge DIANE S. SYKES, Circuit Judge

### ORDER

This appeal is the second arising from an air-conditioning outage in the Charlie Unit of the Rushville Treatment and Detention Facility in the summer of 2013. Two weeks into that 23-day outage, more than 30 residents filed lawsuits under 42 U.S.C. § 1983 claiming that Rushville's director and employees were deliberately indifferent to the discomfort and health risks resulting from the extreme heat. The district judge consolidated all but this case, isolating Richard Smego's complaint because he included additional allegations of property damage and harassment. After discovery, the district court granted summary judgment for the defendants in both Smego's case and the other, consolidated cases. We already have upheld the grant of summary judgment in the consolidated cases. *Rogers v. Scott*, 695 Fed.Appx. 155, 2017 WL 2875649 (7th Cir. July 6, 2017). We now do the same with Smego's suit.

Smego and the other Rushville residents filed suit on August 8, 2013. He alleged that because of the broken air conditioning, which had not yet been repaired, the heat at Rushville was so intense that he was "constantly soaked in sweat" and plagued by nausea and headaches. Smego's initial complaint tracked the others filed that day, but he also alleged that the heat had damaged his property—specifically, shelf-stable meats which had changed color and burst in their packaging. In a later update to the court, Smego added that the heat had "ruined my food stores, damaged my books and paper work, and kept me feeling ill and often in distress for almost a month now."

In response to Smego's filings, an assistant attorney general contacted Gregg Scott, the director of Rushville, and recommended investigating Smego's allegations that his property had been damaged by the heat. But foreseeing that any follow-up with Smego could become a point of contention, the attorney suggested that multiple people investigate together so there would be a witness. The attorney's hunch was correct; the day after Rushville staff visited Smego's room to investigate the alleged property damage, he moved to amend his complaint to include a claim that one of those employees had retaliated against him for filing the lawsuit, in violation of the First Amendment.

In his amended complaint, Smego called the staff visit a "shakedown." He alleged that three therapy aides had entered his room, showed him the complaint he had filed in federal court, and said they were there to investigate his allegations that his food and papers had been damaged by the heat. Then, Smego said, he was "advised to unwrap" a summer sausage. One of the aides, who already was a defendant in the action, smelled and tasted the sausage and declared that it was "fine" and "tasted good." The aide commented that Smego's allegation of spoiled food was yet another one of his lies. Smego contended that he felt intimidated by the presence of three therapy aides, and that it was inappropriate for a named defendant to directly investigate his allegations of damaged property.

At summary judgment, the district court concluded that Smego's First Amendment claim lacks support in the record, and we agree. In fact, his claim is frivolous. Smego did not introduce evidence of a retaliatory motive, nor did he show that the aide's actions in tasting his food and calling him a liar would likely "deter a person of ordinary firmness" from exercising his First

Amendment rights. *See Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009).

As for Smego's claim concerning the air-conditioning outage, we upheld the district court's resolution of identical claims raised by the other residents of Rushville's Charlie Unit. *See Rogers,* 695 Fed.Appx. at 156, 2017 WL 2875649, at *1. Smego does not make any argument that might cause us to revisit that conclusion. The judgment is therefore

AFFIRMED.