NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2017[*]
Decided December 29, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-4273

| | |
|---|---|
| RICHARD M. SMEGO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 13-3068 |
| | |
| SHAN JUMPER, et al., | Colin S. Bruce, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Richard Smego, a civil detainee, brought this suit under 42 U.S.C. § 1983 against various clinicians at the Treatment and Detention Facility in Rushville, Illinois. As relevant to this appeal, he alleged that the defendants violated the Fourteenth Amendment by failing to provide adequate mental-health treatment and forcing him to share a cell with other detainees. The district court entered summary judgment for the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

defendants, ruling that a reasonable jury could not find for Smego on either claim. We agree with that assessment and thus affirm.

Over twenty years ago, Smego abducted and sexually assaulted a 14-year-old boy at gunpoint, leading to convictions for aggravated criminal sexual abuse, aggravated kidnapping, and sexual violence. He was released from prison in 2002, but his parole was revoked three years later when he was arrested for another sexual assault of a minor. The state then petitioned for Smego to be adjudicated a "sexually violent person" under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1–99. The Act authorizes civil detention when a court finds that a sex offender has a mental disorder that makes it "substantially probable" he will engage in future acts of sexual violence. See 725 ILCS 207/5(f), 207/40. Smego agreed to be committed based on his criminal history and the opinions of two psychologists who diagnosed him with paraphilia, *i.e.*, abnormal sexual desire, involving attraction to non-consenting adolescents. See *In re Commitment of Smego*, No. 2-16-335, 2017 WL 4988665 (Ill. Ct. App. Nov. 2, 2017) (upholding denial of petition for conditional release).

Smego, a frequent litigant,[1] asserts that the defendants exhibited deliberate indifference to his welfare by (1) failing to provide adequate treatment for his paraphilia and posttraumatic stress disorder, and (2) assigning him roommates he perceives as physically and sexually aggressive. (It is unlikely that the eight defendants participating in this appeal had comparable degrees of responsibility for the actions or omissions Smego complains about, but the parties discuss the defendants' potential liability as a group, making no effort to distinguish them as individuals.)

Because Smego is a civil detainee—not a prisoner—his claims derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. See *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In prior cases we have said that the protections afforded by these constitutional amendments are "functionally indistinguishable" in the context of a claim

---

[1] See, *e.g.*, *Smego v. Payne*, 854 F.3d 387 (7th Cir. 2017) (upholding jury verdict in favor of clinicians accused of retaliation and deliberate indifference); *Smego v. Hankins*, 681 F. App'x 506 (7th Cir. 2017) (upholding entry of summary judgment for grievance officers accused of retaliation*); Smego v. Scott*, 695 F. App'x 971 (7th Cir. 2017) (upholding entry of summary judgment in suit arising from temporary air-conditioning outage); *Smego v. Mitchell*, 645 F. App'x 523 (7th Cir. 2016) (upholding jury verdict against dentist accused of deliberate indifference).

about inadequate medical care. See *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013); *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). But these cases have been called into question by *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which applied a purely objective standard to a detainee's excessive-force claim without regard to any subjective component. See *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). We have not decided whether the reasoning in *Kinglsey* extends beyond claims of excessive force. See *Collins*, 851 F.3d at 731; but see *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (applying objective-reasonableness standard to detainee's conditions-of-confinement claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (same with failure-to-protect claim). But we need not resolve this issue now, because even under the less demanding objective-reasonableness standard, Smego would not prevail.

In this court Smego raises three challenges to the grant of summary judgment for the defendants on his claim that his mental-health treatment is constitutionally inadequate. First, he maintains that some of the defendants were not licensed under the Illinois Sex Offender Evaluation and Treatment Provider Act, 225 ILCS 109/1–999. The Act, which took effect in 2014, requires that those who provide sex-offender treatment to civil detainees have a license to do so. A detainee's allegation that his treatment providers lack such licenses, we held in *Hughes v. Dimas*, 837 F.3d 807 (7th Cir. 2016), may in some circumstances state a claim under the Fourteenth Amendment. Because some of the defendants participated in Smego's treatment before they obtained licenses under the SOETP Act, he maintains that his sex-offender treatment was unconstitutional.

As the district court properly found, the record belies any concern about the defendants' qualifications. The very documents Smego introduced to prove this claim show that most of the defendants obtained licenses under the SOETP Act within a few months of its taking effect in July 2014. See Ill. Pub. Act 98-612 (delaying effective date of the Act to July 1, 2014). Those same documents also reveal that several of the defendants obtained other relevant licenses long before Smego's arrival at Rushville; for example, defendant Shan Jumper, the facility's executive clinical director, has been a licensed clinical psychologist for over 17 years. Given this record, a reasonable jury could not accept Smego's contention that the defendants are unqualified to provide sex-offender treatment.

Related to this last challenge, Smego also suggests that his progress in sex-offender treatment has been delayed by frequent turnover among the clinical staff. He explains that each time his primary therapist changes he is "forced to discard the

work he had already done as now worthless, effectively resetting his treatment back to the beginning." But he cites nothing other than his lay opinion to support the notion that these staffing changes have impaired his treatment. And he does not explain what, if anything, the named defendants could have done to mitigate this alleged problem. A reasonable jury could not find for Smego based on his mere dissatisfaction with his treatment. *Cf. Ortiz v. Webster*, 655 F.3d 731, 738 (7th Cir. 2011) (recognizing that even difference of opinion between *physicians* would rarely establish malpractice).

In a challenge to the adequacy of his care addressing his PTSD, Smego faults the defendants for not offering him group therapy. No one on the clinical staff at Rushville has diagnosed him with PTSD, but a psychologist retained to testify on his behalf in another case diagnosed him in 2012 with that condition. Smego seems to think that the defendants should have taken the initiative to enroll him in a PTSD-specific therapy group. Yet, as the district court noted, Smego submitted no evidence that group therapy is necessary to treat PTSD, and until this litigation began Smego never sought treatment for this condition from his doctor or psychiatrist. On this record, we do not see how a reasonable jury could find the defendants even negligent, a level of culpability that is "categorically beneath the threshold of constitutional due process." *Kingsley*, 135 S. Ct. at 2472 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

Smego also challenges the grant of summary judgment on his claim that the defendants assigned him a series of roommates who, he says, were known troublemakers. This claim fares no better. To begin, it is unclear from the record whether any of the defendants had any personal involvement in the assignments. But even assuming that some of them were involved in that process, a jury could not find for Smego. Aside from one bizarre incident in which Smego says that a roommate dropped a mechanical pencil on his leg, he does not allege that any of his roommates actually injured him. Smego's subjective fear of harm that never materialized does not itself give rise to a constitutional claim. See *Calhoun v. DeTalla*, 319 F.3d 936, 939 (7th Cir. 2003) ("[N]ot every psychological discomfort a prisoner endures amounts to a constitutional violation"); *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). Moreover, Smego was moved to a new cell on several occasions when he reported feeling threatened by a roommate, negating any inference that prison officials were indifferent to his concerns.

We have considered Smego's remaining arguments, and none merits discussion.

AFFIRMED.